IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM LAMONT HUDSON,      )
                 Plaintiff,    )
                          ) Civil Action No. 09-416
     vs.               ) Judge David Stewart Cercone
                          ) Magistrate Judge Amy Reynolds Hay
JUSTICE RELATED SERVICES,   )
               Defendant.   )

REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that the above-captioned case  be dismissed for

failure to prosecute.

II.     Report

The plaintiff, William Lamont Hudson, initiated this action against "Justice

Related Services," on April 9, 2009, by submitting a motion for leave to proceed *in forma*

*pauperis*.  On July 2, 2009,  this court issued an order advising plaintiff that he failed to submit a

complaint and directing him to submit a complaint on the proper form, as supplied by the Clerk's

Office, by July 16, 2009.  To date, plaintiff has failed to respond.  While it also appears that

plaintiff was released from the Allegheny County Jail, where he had been incarcerated when he

submitted the motion to proceed *in forma pauperis*, he has failed to notify the court of his

whereabouts or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court

orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In

determining whether an action should be dismissed as a sanction against a party the court must

consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty</u>

<u>Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1)    The extent of the party's personal responsibility.
>
> (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3)    A history of dilatoriness.
>
> (4)    Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's order and failure to notify the court that he was no longer incarcerated which weigh heavily against him.  Plaintiff's failure to notify the court of his change of address so that the court could communicate with plaintiff and his subsequent failure to respond to the court's order was not only solely his personal responsibility but his failure to do so has prevented this case from moving forward at all.  Indeed, plaintiff initiated this suit on April 9, 2009, and has yet to submit a complaint.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- there appears to be no specific prejudice to defendant as the complaint has not yet been filed or served.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff since, without a complaint, it is unclear what plaintiff is complaining about.  Nevertheless, "[n]ot all of

these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

    The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff initiated this action by seeking *in forma pauperis* status, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to notify the court of his change of address so that the case may proceed, as evidenced by his failure to respond to the court's July 2, 2009 Order or file a complaint, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the above-captioned case be dismissed since no other sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

    In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

    Respectfully submitted,


    / s/ Amy Reynolds Hay
    AMY REYNOLDS HAY
    Chief United States Magistrate Judge


Dated: July 31, 2009

cc: William Lamont Hudson
  11844-3-E-124
  Allegheny County Jail
  950 Second Avenue

Pittsburgh, PA 15219